NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FAIUPU MYERS,

Plaintiff-Appellant,

v.

CHECKSMART FINANCIAL, LLC, DBA
California Check Cashing Stores,

Defendant-Appellee.

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

No.    18-15654

D.C. No. 2:13-cv-02209-CMK

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted December 6, 2019**
San Francisco, California

Before:  SILER,*** BYBEE, and R. NELSON, Circuit Judges.

Plaintiff Faiupu Myers ("Myers") appeals the district court's order granting

Defendant Checksmart Financial, LLC's ("Checksmart") motion for summary

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment. Because the parties are familiar with the facts, we do not recount them here. We review the district court's grant of summary judgment de novo. *M. Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We review the claims of error in excluding evidence for an abuse of discretion and reverse only if an error is both "manifestly erroneous *and* prejudicial." *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 330 (9th Cir. 2017) (citation and quotations omitted; emphasis in original). "We review a district court's award of attorney's fees for an abuse of discretion." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under California law, the plaintiff in a discrimination case bears "the initial burden to establish a prima facie case of discrimination." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000). Once the plaintiff's burden is satisfied, "the burden shifts to the employer to rebut the presumption" by showing that "its action was taken for a legitimate, nondiscriminatory reason." *Id.* at 355–56. Assuming the employer's burden is satisfied, the "plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination." *Id.* at 356.

To show pretext, a plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could*

2

rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 75 (2000) (quotations and alterations omitted). This last element of Myers's claim—whether she met her burden for showing pretext— is the sole issue here.

Myers contends that the district court erred in excluding as hearsay statements about a doctor's note and emergency room visit papers that she claims show that Checksmart's reason for terminating her was pretextual. But even if the statements are considered, they do not create a genuine dispute of material fact as to pretext. Checksmart was permitted under California law to require written medical certifications as a condition for Myers to obtain pregnancy leave. 2 Cal. Code Reg. § 11050(b). And Myers's documentation did not satisfy those requirements, because § 11050(b) permits Checksmart to develop its own form for such certification. 2 Cal. Code Reg. § 11050(b)(1). Checksmart did so and sent three letters to Myers informing her of the need to provide the certification, all of which Myers failed to act upon. Taking the evidence, including her statements regarding the doctor's emergency room notes, in the light most favorable to Myers, there is no genuine dispute of material fact that Myers was terminated because she failed to provide the legally required medical certification, not because she was pregnant.

Nor does the fact that Myers may have been permitted to take leave after providing only a doctor's note during a prior pregnancy create a genuine dispute of material fact as to pretext. That pregnancy occurred when Myers was employed by a different entity. It therefore cannot establish pretext as to Checksmart.

Myers also challenges the district court's award of attorney's fees. But "a party wishing to challenge the attorney fees decision must file a notice of appeal, or an amended notice of appeal specifying its appeal of that decision." *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (internal quotations and citations omitted). Myers did not file a notice of appeal of the attorney's fees award here, so we lack appellate jurisdiction to hear her challenge to the attorney's fees award.

**AFFIRMED.**